**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Lil' Man Snowmobile/Jet
Ski Rentals, Inc.
Edward C. Furlong, III</u>

   v.                                        Civil No. 08-cv-511-PB

<u>Bartlett Water Precinct
Town of Bartlett
United States of America</u>

**O R D E R**

In a novel motion for reconsideration/objection to my Report and Recommendation on plaintiff's Motion for a Temporary Restraining Order (document no. 8), plaintiff seeks reconsideration not because of any error by me but because of counsel's own error.

**Discussion**

Plaintiff's original complaint complied with the requirement of Fed. R. Civ. P. 8(a)(1).  It clearly and unambiguously stated that "(t)his Court has jurisdiction over the Counts stated in the Complaint pursuant to 28 U.S.C. §§ 1332 and 1367, Compl. ¶2.  As I correctly stated, the United States is not a citizen for diversity purposes and all other parties are New Hampshire residents.  Without diversity, 28 U.S.C. § 1332 cannot be the

basis of subject matter jurisdiction.  Likewise, the supplemental jurisdiction over plaintiff's state law claims provided by § 1367 is only available if the court otherwise has original jurisdiction over the action; it does not create an independent basis for the court's subject matter jurisdiction.  I also noted that if plaintiff was making a claim against the United States, counsel had hidden it pretty well.

Plaintiff now says he set forth the jurisdictional claim erroneously, and that he meant to allege jurisdiction under 28 U.S.C. § 1346.[1]  In fact, after my Report and Recommendation, plaintiff filed an amended complaint alleging jurisdiction under 28 U.S.C. § 1346.[2]

The federal rules allow plaintiff to amend its complaint without leave prior to an answer being filed.  See Fed. R. Civ. P. 15(a)(1)(A).  The Report and Recommendation does not address the newly filed amended complaint (document no. 10).  As a

---

[1]The Civil Cover Sheet, which provides no basis for subject matter jurisdiction, does have the "U.S. Government Defendant" box checked.

[2]It is not clear what part of § 1346 plaintiff relies upon, but if it is the Tucker Act, 28 U.S.C. § 1346(a)(2), plaintiff should be aware that "[t]he Tucker Act empowers district courts to award damages but not to grant injunctive or declaratory relief."  Lee v. Thornton, 420 U.S. 139, 140 (1975) (citations omitted).

consequence, I withdraw the Report and Recommendation as moot as to the prevailing complaint. The motion to reconsider (document no. 11) is granted as noted but is otherwise denied.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 7, 2009

cc: Christopher T. Meier, Esq.